```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

NATHANIEL BULLOCK, JR.            *

      Appellant/Debtor    *

      vs.                 *    CIVIL ACTION NO. MJG-13-3935

JACQUELINE ANSTEAD-BULLOCK        *

      Appellee            *

*     *     *     *     *     *     *     *     *

## DECISION ON APPEAL

The Court has before it Appellant's appeal of a Domestic Support Obligation Order (the "DSO Order") issued by the United States Bankruptcy Court for the District of Maryland (Catliota, J.) on September 25, 2013 and the materials submitted by the parties relating thereto. The Court finds no need for a hearing.

## I.  BACKGROUND

At times relevant hereto Appellant, Nathaniel Bullock ("Nathaniel"), and Appellee, Jacqueline Anstead-Bullock ("Jacqueline"), were married and owned their residence in Accokeek, Maryland ("the Property"). The Property was subject to a first mortgage and a second mortgage ("Equity CreditLine"). In April 2008, Nathaniel and Jacqueline were divorced.

In connection with the divorce, the state court issued a Consent Order that provided:

1. Nathaniel would transfer his interest in the Property to Jacqueline.

2. Nathaniel would pay Jacqueline alimony of $2,500 per month for a period of five years.

3. Jacqueline would hold Nathaniel harmless with regard to the first mortgage and seek to refinance to eliminate any of his obligations.

4. Nathaniel would hold Jacqueline harmless with regard to the Equity CreditLine and seek to refinance to eliminate any of her obligations.

In September 2012, Nathaniel filed the instant bankruptcy case. Jacqueline filed a proof of claim, asserting that the obligation in paragraph 4 of the Consent Order was a non-dischargeable domestic support obligation pursuant to 11 U.S.C. § 523(a)(5). Nathaniel objected, contending that the obligation was in the nature of a property division or debt allocation and is dischargeable pursuant to 11 U.S.C. § 523(a)(15).

The Bankruptcy Court decided for Jacqueline, holding that Nathaniel's obligation to make payments on the Equity CreditLine was in the nature of alimony, maintenance and support. Therefore, the Bankruptcy Court issued the DSO Order here at issue.

II.  STANDARD OF REVIEW

When a District Court reviews a Bankruptcy Court final Order, the District Court acts as an appellate court.  Matters within the Bankruptcy Court's discretion are reviewed under an abuse of discretion standard.  In re Arnold, 806 F.2d 937, 938 (9th Cir. 1986).  That is, the Bankruptcy Court's decisions within its discretion will be reversed only if they were "based on an erroneous conclusion of law or when the record contains no evidence on which the [Bankruptcy Court] rationally could have based [the decisions]."  In re Windmill Farms, Inc., 841 F.2d 1467, 1472 (9th Cir. 1988) (citing In re Hill, 775 F.2d 1037, 1040 (9th Cir. 1985)).  Accordingly, legal conclusions are reviewed de novo, whereas findings of fact may be set aside only if clearly erroneous.  See In re Bulldog Trucking, Inc., 147 F.3d 347 (4th Cir. 1998).

III. DISCUSSION

Bankruptcy Judge Catliota based his decision upon the wording of the Consent Decree in light of his factual findings.  In particular, he found that Jaqueline could afford to maintain the Property as her residence only if Nathaniel made the monthly payments until Nathaniel was able to satisfy the debt through refinancing. The Bankruptcy Judge found "hard to believe"

3

Nathaniel's testimony that he had no idea whether Jacqueline could make the payments in question and found that "it is clear that [Nathaniel] understood that she could not satisfy these obligations on her salary." Bankr. Ct. Bench Ruling Tr. 9:15-16, 10:6-7, ECF No. 29-1. The Bankruptcy Judge also rejected Nathaniel's position that he did not understand the core terms of the agreement. As an appellate tribunal, the Court has no reason to conclude that these findings were erroneous, much less clearly erroneous.

Based upon the facts found by the Bankruptcy Judge, the Court agrees with Bankruptcy Judge Catliota's conclusions of law and shall affirm.

IV. <u>CONCLUSION</u>

For the foregoing reasons:

1. The Bankruptcy Court's Domestic Support Obligation Order issued September 25, 2013 is AFFIRMED.

2. Judgment shall be entered by separate Order.

SO ORDERED, on <u>Tuesday, August 12, 2014</u>.

____/s/____
Marvin J. Garbis
United States District Judge
